Mitchell A. **KRAMER** and David C. Harrison

v.

**SCIENTIFIC CONTROL CORP.** et al.

Civ. A. No. 71–1954.

United States District Court,
E. D. Pennsylvania.

Oct. 1, 1974.

See also, D.C., 365 F.Supp. 780.

Steven Kapustin, Philadelphia, Pa., for plaintiffs.

Donald A. Scott, Leonard J. Bucki, Theodore W. Flowers, George P. Williams, III, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

BECHTLE, District Judge.

Plaintiffs, two Philadelphia lawyers, brought this action on August 9, 1971, alleging that they purchased 50 shares of Scientific Control Corp. on January 6, 1969, and that less than 30 days later sold them at a loss of over $400. They also aver in the twice-amended complaint that the stock was initially offered for sale pursuant to a prospectus dated October 31, 1968, and that during the period October 31, 1969, through November 21, 1969, Scientific Control Corp. issued various financial reports. They claim that those reports, as well as the prospectus, contain material false statements and omissions. No one has sought to intervene in the action as a party plaintiff. As far as we know, no similar action has been brought against any one or more of the defendants.

Plaintiffs have filed a motion pursuant to Fed.R.Civ.P. 23(c)(1) for a determination that this case may proceed as a class action. In their motion, now before us, they ask that they be determined to be class action representatives of all persons except defendants who

purchased stock of Scientific Control Corp. "pursuant to or in reliance on" the prospectus and all other written and oral communications regarding the corporation's financial condition from the date of the initial offering to November 21, 1969. Defendants do not dispute that there were other purchasers of the stock during that period and that they are too numerous to be joined conveniently in this action.

Defendants opposing the motion impugn the motives of plaintiffs in buying and selling the stock and then bringing this action. They claim that plaintiffs brought the action not to recover the $400 loss but to profit from court-awarded counsel fees in a class action. Therefore, they maintain that the prerequisites of Rule 23(a)(4) are not met.[1]

Assuming the impropriety of plaintiffs' motives in instituting the action, we do not believe the unnamed members of the proposed class should be penalized for that reason. From our observation of the manner in which plaintiffs have proceeded with this action up to this juncture, we conclude that they will fairly and adequately protect the interests of the class.[2] This action may proceed as a Rule 23(b)(3) class action.

The decision to allow this case to so proceed does not mean that the opportunity to raise the question of improper motive has been foreclosed in this case. Defendants' objection to the class action based on that issue is more properly addressed to the amount, if any, of plaintiffs' right to recover damages (Rochez Bros., Inc. v. Rhoades, 491 F.2d 402, 410 (3rd Cir. 1973)) and to be awarded attorneys' fees.

Plaintiffs' motion will be allowed.

---

1. Subdivision (4) of Rule 23(a) provides: "(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if . . . (4) the representative parties will fairly and adequately protect the interests of the class."

2. Plaintiffs need not have a large damage claim in order to represent the class. The size of their claim is not dispositive of whether they will adequately represent the class. Eisen v. Carlisle & Jacquelin (Eisen II), 391 F.2d 555, 563 (2nd Cir. 1968); 7 Wright & Miller, Fed.Pract. & Proc. § 1767.