Catharina **POLAK**, on her own behalf and on behalf of all other purchasers of the common stock of Noel Industries, Inc., similarly situated, Plaintiff,

v.

**NOEL INDUSTRIES, INC., et al.,** Defendants.

No. 73 Civ. 1191 (MP).

United States District Court, S. D. New York.

Oct. 15, 1974.

Berman & Zivyak, New York City, for plaintiff by Ira W. Berman, New York City.

Donovan, Leisure, Newton & Irvine, New York City, for defendants by George S. Leisure, New York City.

## MEMORANDUM

POLLACK, District Judge.

This is a motion for certification of this suit as a class action pursuant to Rule 23, Fed.R.Civ.P. Plaintiffs seek re-

covery under § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder for losses alleged to have been sustained in reliance upon purportedly misleading financial statements issued by defendant corporation and officers. The class of plaintiffs is to be made up of all purchasers of the common stock of Noel Industries, Inc. (hereinafter Noel) during the period commencing September 14, 1973, and terminating January 28, 1974. Counsel for plaintiff estimates that the class will be composed of 324 members who purchased 157,500 shares during the period in question.

The application for class action status was, upon defendants' request, held in abeyance pending an opportunity granted to defendants to conduct discovery of the factual background pertinent to the issue raised by the application. The results of that discovery have been submitted in the deposition record, and the parties have sought to draw their respective conclusions on the basis thereof as well as on the original affidavits. This opinion is based upon the full record as it now stands.

Named plaintiff in this case has admitted by affidavit that she had no personal knowledge of the transactions in which she purchased the stock of defendant Noel. Her husband, apparently the moving force in this suit, is a professional investment adviser. It appears that he bought the Noel shares for his wife and also was instrumental in the purchase of such shares by his clients, who make up approximately fifteen percent of the purported class.

In order to justify the maintenance of a class action, plaintiffs must satisfy each of the four requirements of subsection (a) of Rule 23 and one of the three requirements of subsection (b) of that rule. It is defendants' position that plaintiff's claim does not satisfy subsections (a)(3) and (4) and fails to meet any of the standards set out in subsec-

tion (b). It may be noted in passing that the numerosity requirement of (a)(1) and the common question requirement of (a)(2) are met by the purported class.

Rule 23(a)(3) would deny class designation unless "the claims . . . of the representative parties are typical of the claims . . . of the class." Defendants assert that named plaintiff is atypical of her class, apparently in that her reliance claims are different from those of the others. She has admitted that she did not rely personally on the allegedly misleading financial statements. If her husband's reliance is imputed to her, defendants contend that his situation, that of an investment adviser who has undertaken some in-depth research on the corporation, presents issues unrelated to the class action. E. g., defendants assert that further representations to Mr. Polak by defendant Noel's officers provide either new claims of fraud that his wife must pursue or cures as to her of the alleged misstatements in the financial reports upon which the class is said to have relied. Defendants also suggest that the financial expertise of plaintiff's husband might raise the standard for his reliance above that of the reasonable man—the standard that would be applicable to other class members.

■ However, the existence of issues as to reliance of the named plaintiff does not in itself foreclose the plaintiff from representing the class under Rule 23(a)(3). Korn v. Franchard Corp., 456 F.2d 1206 (2d Cir. 1972). *See also* Mersay v. First Republic Corp., 43 F.R.D. 465 (S.D.N.Y.1968), where allegations that named plaintiff was an "insider" in defendant's management, raising serious questions as to his personal reliance, were deemed not to disqualify him as a representative of the class.

■ Rule 23(a)(4) requires that class actions be allowed only where "the representative parties will fairly and adequately protect the interests of the

class". The core of defendants' argument on this point is that named plaintiff's interests may be antagonistic to those of the class which she seeks to represent, thus putting into question her ability to fairly represent the class. This Court, in this regard, must consider not only actual but also potential conflicts of interest which might arise between named plaintiff and her class during the course of the litigation. duPont v. Perot, 59 F.R.D. 404, 411 (S.D.N.Y. 1973); duPont v. Wyly, 61 F.R.D. 615, 623 (D.Del.1973). However, defendants' suggestions of possible grounds for antagonism between named plaintiff and the class, while ingenious, are not sufficient to convince this Court that real conflicts of interest do or may exist such as to prevent named plaintiff's fair representation of the class.

■ There may well be cases where plaintiff's ulterior motives in bringing a class action will disqualify him or her from representing the class. *See*, e. g., duPont v. Wyly, *supra*. Mr. Polak seems to have attempted, with no success, to have himself elected to the board of directors of defendant Noel at one point. Defendants' argument that named plaintiff is thus provided with an ulterior motive of revenge against the management of Noel is, however, unconvincing where there is no showing of any intracorporate struggle of real substance.

■ The suggestion that plaintiff sues here merely to vindicate her husband's professional judgment also fails to present a disabling conflicting motive. This argument seems to be that named plaintiff might seek vindication at the expense of a possible settlement, to the detriment of the other class members. However, since her husband's clients represent 15% of the class, presumably her husband's business reputation would be enhanced most by securing a recovery beneficial to the class. This analysis also takes the bite out of defendants' argument that plaintiff's financial inter-

ests, tied up in her husband's reputation, may be at odds with the financial interests of the class, which are limited to the possible class recovery.

■ Defendants suggest that named plaintiff would not represent the class fairly because her husband may be liable to suit in connection with the purchases of Noel stock which he advised. However, defendants have not pointed to any allegations whatsoever against Mr. Polak by anyone in this regard. Nor does there in the present record seem to be any evidence of impropriety on the part of Mr. Polak. Other arguments by defendants on the question of named plaintiff's possible conflict of interest with the class are also unconvincing.

Defendants do not seem to contest the adequacy of counsel for named plaintiff and for the purported class. Such adequacy is at any rate attested to in an affidavit submitted to this Court. The requirements of subsection (4) and thus of Rule 23(a) have been met in this case.

Plaintiff does not press in her papers her contention that subsection (b)(1) is applicable to this case, and this Court holds that it is not. Similarly, all parties seem to agree that (b)(2) is inapplicable. Plaintiff must therefore show that her case comes within the scope of (b)(3).

Rule 23(b)(3) authorizes maintenance of a class action where the prerequisites of subsection (a) are satisfied and

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . .

■ This Court has previously indicated a reluctance to confer class status on litigants where there are a number of separate questions as to the reliance on alleged fraud of the various class mem-

bers. Morris v. Burchard, 51 F.R.D. 530 (S.D.N.Y.1971). Here, however, defendants have pointed out only one situation where the reliance claims of one class member may differ from those of the others, that being the situation of the named plaintiff herself. There are strong policy reasons for the use of class actions in cases alleging Rule 10b–5 violations, *see* Green v. Wolf Corporation, 406 F.2d 291 at 295 et seq. (2d Cir. 1968), and this case appears to be an appropriate one for class designation. This Court finds a predominance of common questions in this case and further finds that a class action here is superior to other available methods for adjudicating this controversy.

The requirements of subsection (a) and of subsection (b)(3) having been met, plaintiff's motion for an order that this action be maintained as a class action is granted. Counsel for plaintiff is directed to notify, pursuant to Rule 23(c)(2), all members of the class, as this Court has been informed that all members have been or can be identified.

So ordered.