**Patricia Melite SWEET, Plaintiff,**

v.

**Edward J. BERMINGHAM, Jr., et al., Defendants.**

**No. 73 Civ. 5161 (JMC).**

United States District Court,
S. D. New York.

Jan. 23, 1975.

Aranow, Brodsky, Bohlinger, Benetar & Einhorn, New York City (Herbert A. Einhorn and Joseph H. Einstein, New York City of counsel), for plaintiff.

Shearman & Sterling, New York City (Danforth Newcomb, New York City, of counsel), for all defendants except Paul M. Ingersoll and Columbia Ventures, Inc.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City (Joseph C. Kaplan, New York City, of counsel), for defendant Paul M. Ingersoll.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

On the instant motion, which is made pursuant to Rules 23.1 and 56 of the Federal Rules of Civil Procedure, the defendants seek the entry of an order dismissing this derivative action (which alleges violations of the Investment Company Act of 1940) upon the ground that "the plaintiff does not fairly and adequately represent the interests of the [other] shareholders" in enforcing the rights of Columbia Ventures, Inc. For reasons hereinafter stated, the motion is denied in all respects.

Fed.R.Civ.P. 23.1 provides in pertinent part that a

> derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders . . . similarly situated in enforcing the right of the corporation . . . .

While the defendants presently advance several reasons to support a finding that this plaintiff "does not fairly and adequately represent the interests of [other] shareholders," only one warrants discussion by the Court.[1] *Cf.* Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966). It is not disputed that Mrs. Sweet is the wife of a partner in the law firm which rep-

resents her in this litigation and, by virtue of this "crucial" fact, the movants claim she is differently situated from all other shareholders of Columbia Ventures, Inc. It is alleged that Mrs. Sweet is possessed of an economic interest in the outcome of this lawsuit which far exceeds that of other shareholders owing to the fact that she will directly or indirectly benefit from Mr. Sweet's proportionate share of any legal fees which might be awarded herein. This sort of remuneration is, of course, not available to other Columbia Venture shareholders and, for this reason, defendants argue that Mrs. Sweet's special economic interest places her in a position antagonistic to other stockholders and requires her disqualification as plaintiff under Rule 23.1.

The legal thesis upon which defendants base their present attack was recently stated by Judge Owen in Stull v. Pool, 63 F.R.D. 702, 704 (S.D.N.Y.1974).

> The threshold fact which compels disqualification is that the plaintiff, Lillian Stull, is the wife of Richard Stull, a member of the firm of Stull and Stull, who is her personal attorney in this litigation and who, with his firm, would represent her and others of the class, were it to be declared. The potential conflict of interest inherent in this situation is obvious. To paraphrase an observation of this Court in Cotchett v. Avis, 56 F.R.D. 549 (S.D.N.Y.1972), *the difficulty I have with this situation lies in the fact that the possible recovery of Mrs. Stull as a member of the class is far exceeded by the financial interest she and her husband, as a marital unit, might have in the legal fees engendered by this lawsuit.* A number of recent decisions accord with this view.

---

1. On this motion the defendants assert four reasons why Mrs. Sweet is an inadequate plaintiff: (1) that her husband has a direct interest in any attorneys fee generated by this action; (2) Mrs. Sweet lacks interest in or knowledge of this action; (3) she lacks interest in and has an insubstantial in-

vestment in Columbia Ventures, Inc.; and (4) the defendants have a very substantial interest in the well being of Columbia Ventures, Inc. (Newcomb Affidavit ¶ 3 at 2–3.) As is indicated in the text, only the first ground advanced warrants discussion.

See Shields v. First National Bank, 56 F.R.D. 442 (D.Ariz.1972); Kriger v. European Health Spa, Inc., 56 F.R.D. 104 (E.D.Wisc.1972); and Graybeal v. American Savings & Loan Assn., 59 F.R.D. 7 (D.D.C.1973), where the Court stated at pp. 13–14:

> . . . In any class action there is always the temptation for the attorney for the class to recommend settlement on terms less favorable to his clients because a large fee is part of the bargain. The impropriety of such a position is increased where, as here, the attorney is also the representative who brought the action on behalf of the class, and where, as here. the potential recoveries by individual members, including representatives, of the class are likely to be very small in proportion to the total amount of recovery by the class as a whole. Thus Plaintiffs may stand to gain little as class representatives, but may gain very much as attorneys for the class.
>
> .   .   .   .   .   .
>
> Given this, the clear inherent conflict renders plaintiff an inappropriate representative of potential class members whose interests must be protected under Rule 23(a)(4). [Emphasis Added.]

In Stull v. Pool, Judge Owen evaluated the question of fair and adequate representation in the class action context. While "many of the factors that are considered when determining the adequacy of representation in a class action under Rule 23 also should apply in the context of derivative suits," 7A C. Wright & A. Miller, Federal Practice and Procedure § 1833 at 393 (1972),[2] the Court is of the view that owing to the special nature of the derivative remedy a somewhat different, perhaps more limited, analysis must be utilized in considering representation questions under Rule 23.1.

It must be remembered that in prosecuting a derivative claim a shareholder acts in the stead of the corporation, as a corporate surrogate seeking vindication of a corporate right. "The claim pressed by the stockholder against directors or third parties 'is not his own but the corporation's.' (citation omitted). The corporation is a necessary party to the action; without it the case cannot proceed. Although named a defendant, it is the real party in interest, the stockholder being at best the nominal plaintiff. The proceeds of the action belong to the corporation and it is bound by the result of the suit. The heart of the action is the corporate claim." Ross v. Bernhard, 396 U.S. 531, 538–539, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). "In contrast, the direct or individual shareholder action involves the enforcement by a shareholder of a cause of action belonging to such shareholder on the basis of his membership contract, against the corporation and possibly others, being brought by the shareholder either individually or in behalf of himself and all other shareholders similarly situations [a stockholders class action coming within Rule 23]." H. Henn, Handbook of the Law of Corporations § 360 at 755 (2 ed. 1970) (and see discussion at pp. 756–61).[3] Any recovery which might be received inures to each class member individually. Mr. Justice Frankfurter pointed up these distinctions in his dissenting opinion in Smith v. Sperling, 354 U.S. 91, 99, 77 S.Ct. 1112, 1119, 1 L.Ed.2d 1205 (1957).

---

2. *See also,* Papilsky v. Berndt, 466 F.2d 251, 260 (2 Cir.), cert. denied, 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972); In re Valueline Special Situations Fund Litigation, [1973–1974 Transfer Binder] CCH Fed.Sec. L.Rep. ¶ 94,601 at 96,132–33 (S.D.N.Y. 1974).

3. *See also,* 13 W. Fletcher, Cyclopedia of the Law of Private Corporations §§ 5908 and 5911 (1970 Rev.) (distinctions between derivative and individual or class shareholder actions).

The contrasting difference between a stockholder's suit for his corporation and a suit by him against it, is crucial. In the former, he has no claim of his own; he merely has a personal controversy with his corporation regarding the business wisdom or legal basis for the latter's assertion of a claim against third parties. Whatever money or property is to be recovered would go to the corporation, not a fraction of it to the stockholder. When such a suit is entertained, the stockholder is in effect allowed to conscript the corporation as a complainant on a claim that the corporation, in the exercise of what it asserts to be its uncoerced discretion, is unwilling to initiate. This is a wholly different situation from that which arises when the corporation is charged with invasion of the stockholder's independent right. Thus, for instance, if a corporation rearranges the relationship of different classes of security holders to the detriment of one class, a stockholder in the disadvantaged class may proceed against the corporation as a defendant to protect his own legal interest. *See also,* Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 734–736 (3 Cir. 1970), cert. denied, 401 U.S. 974, 91 S. Ct. 1190, 28 L.Ed.2d 323 (1971).

■ Thus, given the distinct nature of a derivative claim and the special role which the shareholder plaintiff plays in its prosecution, it is apparent to this Court that many of the factors looked to in the class action context become irrelevant in derivative suits and questions going to the fairness and adequacy of a derivative plaintiff's representation must be viewed through a somewhat different looking glass. Professors Wright and Miller indicate the salient features of such analysis when they state:

> Perhaps the most important element to be considered is whether plaintiff's interests are antagonistic to those he is seeking to represent. If there is a conflict of interest, the representation may well be deemed inadequate and the suit dismissed. Of course, a purely hypothetical dispute will not necessitate dismissal. Defendant must show that a serious conflict exists and that plaintiff could not be expected to act in the interests of the other shareholders because doing so would harm his other interests.

7A C. Wright & A. Miller, *supra* § 1833 at 393–94. *Compare,* 3B J. Moore, Federal Practice ¶ 23.07[1] at 23–352–23–353 (2 ed. 1974). If, from the foregoing, a rule might be synthesized it is: when a derivative plaintiff demonstrates to the court an intent and desire to vigorously prosecute the underlying corporate claim and when he has engaged competent counsel to assist in that endeavor [4] then, absent either a conflict of interest which goes to the forcefulness of the prosecution or the existence of antagonism between the plaintiff and other shareholders arising from differences of opinion concerning the best method of vindicating the corporate claim, the representation requirement of Rule 23.1 is met. *See* Jannes v. Microwave Communications, Inc., 57 F.R.D. 18, 22–23 (N.D.Ill.1972); 7A C. Wright & A. Miller, *supra* § 1833 at 393–95 ("if plaintiff advocates positions inconsistent with other minority stockholders or manages the action to the detriment of their interests, he obviously is an inadequate representative." at 395). Viewing the instant matter in the light of the standard just enunciated, this Court

---

4. To be sure, an essential concomitant of adequate representation is that the party's attorney be qualified, experienced and generally able to conduct the proposed litigation.

Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 562 (2 Cir. 1968).

finds that Stull v. Pool and the cases relied upon therein are readily distinguishable from the derivative action at bar and further finds that on the facts now before it, the defendants have failed to demonstrate that the requisites of Rule 23.1 have not been met.

■ Each of the cases noted by Judge Owen (63 F.R.D. at 704) involved instances in which the district court disqualified a class plaintiff who was, in addition to a representative party, either counsel or co-counsel to the class or a member of the law firm which represented the class: Graybeal v. American Savings & Loan Assn., 59 F.R.D. at 13 ("Plaintiffs have placed themselves in the dual roles of attorneys for, and representatives of, the proposed class. These dual roles are inherently fraught with potential conflicts of interest."); Cotchett v. Avis Rent A Car System, Inc., 56 F.R.D. at 554 (representative plaintiff was also a member of the law firm which served as co-counsel to class counsel); Shields v. First National Bank, 56 F.R.D. at 444 ("plaintiff . . . sought to be both the representative party and the attorney for the class."); Kriger v. European Health Spa, Inc., 56 F.R.D. at 105 ("the plaintiff, as an attorney associated with the firm representing him in this action, cannot, in law, 'fairly and adequately protect the interests of the class.'"). Other cases which have considered similar situations are in accord. Eovaldi v. First National Bank, 57 F.R.D. 545, 546 (N.D.Ill. 1972) ("Since the named plaintiff is also acting as co-counsel for the class, his interest in legal fees clearly outweighs

his interest as a plaintiff and creates a conflict of interest. He cannot therefore be considered a fair and adequate representative of the class."); Shields v. Valley National Bank, 56 F.R.D. 448 (D.Ariz.1971); cf., In re Goldchip Funding Co., 61 F.R.D. 592, 594–595 (M.D.Pa.1974); contra, Kramer v. Scientific Control Corp., 64 F.R.D. 558 (E.D.Pa.1974). Involving, as they did, questions of attorneys acting in dual roles, these cases are clearly distinguishable from the instant matter for several reasons. First, where a representative party also serves as counsel, or co-counsel, for the purported class a conflict of interest clearly arises. See, discussion, supra. Second, as Judge Gordon pointed out in Kriger v. Eurpoean Health Spa, Inc., 56 F.R.D. at 105–106,

> All parties agree that a burdensome ethical question would be raised if the plaintiff were to be called as a witness while his firm is employed in the matter. . . . A person wishing to represent a class must be able to demonstrate "the forthrightness and vigor . . . which the representative party can be expected to assert." (Citation omitted). This plaintiff has commenced an action under a disability that no other member of the class is likely to have—an inability to testify except at the cost of withdrawal of counsel familiar with the case from its inception. It is not enough to say that his testimony may not be needed; the possibility of such a need makes him less capable of adequate representation than others in the class.

Here, the plaintiff is under no such disability as a witness.[5]

5. Additional factors which have been supplied by the cases concern the competency of the plaintiff attorney—class representative to prosecute complex class litigation and questions of unethical solicitation of legal business.

It is necessary for the attorney to be competent to represent the class. (Citation omitted). His actions tend to demonstrate a lack of experience and lack of understanding of the Federal Rules of Civil Procedure and the. Rules of this District. In his pleadings he has failed to follow these rules. The Court further feels that Shields has not demonstrated competence to represent the class because he seeks to be not only the attorney for the class and be awarded a fee for his representation, he seeks in the same action, personal relief. The practice involved does not seem

While Stull v. Pool is distinguishable on its facts from the matter at bar,[6] we find that Judge Owen's decision to disqualify Mrs. Stull as representative plaintiff rests solely upon the existence of a wife-husband relationship between plaintiff and her counsel and the potential for economic abuse attendant thereto. 63 F.R.D. at 704 n. 3. The Judge found that on such facts fair and adequate representation could not be assured to potential class members. This is exactly the position advanced by the defendants on this motion—Mrs. Sweet is allegedly dissimilar from all other shareholders because of her interest in her husband's potential legal fees. We decline to adopt such a view in this case. Whatever vitality the proposition adopted in Stull v. Pool may have in the class action context, this Court finds the rule to be unduly restrictive under the Rule 23.1 analysis suggested above. *See*, pp. 554–555 *supra*.

It is axiomatic that a derivative action cannot "be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders" (Fed.R.Civ.P. 23.1; *see, e. g.*, Papilsky v. Berndt, 466 F.2d 251, 258–260, (2 Cir.), cert. denied, 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972)) and also that any award of attorneys fees which might arise from such litigation will be made only after close judicial supervision and only with the Court's approval. Civil Rule 11B, S.D.N.Y.; 7A C. Wright & A. Miller, *supra* § 1841 at 447–50; *cf.*, City of Detroit v. Grinnell Corp., 495 F.2d 448, 468–474 (2 Cir. 1974) (standards governing the fixing of counsel fees). Thus, the shareholders of Columbia Ventures, Inc. are adequately protected by the Court against any of the detriments alleged by the defendants as possibly flowing from the marital relationship between plaintiff and her counsel; no counsel fee can be paid and no derivative action can be terminated unless the Court, on notice to all shareholders, first finds that the fee or settlement is fair, equitable and reasonable and this, of course, will be done without regard to plaintiff's marital interests. *See, e. g.*, Greenspun v. Bogan, 492 F.2d 375, 378 (1 Cir. 1974); Levin v. Mississippi River Corp., 59 F.R.D. 353 (S.D. N.Y.), aff'd, 486 F.2d 1398 (2 Cir.), cert. denied, 414 U.S. 1112, 94 S.Ct. 843, 38 L.Ed.2d 739 (1973); 7A C. Wright & A. Miller, *supra* § 1839 at 429–435 and § 1341 at 447–50.

The simple fact that Mrs. Sweet is the wife of an attorney in the firm which represents her is, in the opinion of this Court, insufficient ground upon which to dismiss this action and cause another

---

to the Court to comport with the high quality of objectivity, duty and integrity required of lawyers practicing in this Court or elsewhere. This case seems to involve a questionable method of soliciting legal business and such solicitation should not be encouraged.
Shields v. Valley National Bank, 56 F.R.D. 448, 449–450 (D.Ariz.1971). *See also*, Shields v. First National Bank, 56 F.R.D. at 444. In the instant case, no question of competency is raised concerning plaintiff's counsel, and the other considerations expressed are far more pertinent to class action analysis.

6. In Stull v. Pool, the court pointed to other facts which rendered Mrs. Stull an inappropriate class representative.

Further, the plaintiff has rendered herself vulnerable to embarrassing cross-examination in this action by reason of contradictory statements made under oath in pleadings in Stull v. Green, 69 Civ. 440, instituted by her in this Court asserting derivative claims on behalf of Piper arising from the same Chris-Craft contest for control.

. . . These scathing assertions tarnish plaintiff's present ability to be the representative of all stockholders. . . .
63 F.R.D. at 704 (footnote omitted). However, Judge Owen went on to state:

Defendants assert that the conflict in this situation further mandates disqualification of Mrs. Stull as a class representative. (citations omitted). This would seem to be a valid position, but I do not reach this question.
*Id.* at p. 553. In any event, Mrs. Sweet is under no such disability.

shareholder to commence it anew. The defendants have made absolutely no showing that Mrs. Sweet's interests are so antagonistic to those of other shareholders that she cannot fairly and adequately represent their interests. They have made no showing that this lawsuit will not be vigorously prosecuted by competent counsel. Nor do we find the existence of the marital relationship between plaintiff and her counsel to be a conflict of interest *per se.* Thus, as Judge Bryan aptly pointed out in Stull v. Baker [1973 Transfer Binder] CCH Fed.Sec.L.Rep. ¶ 94, 227 at 94, 929 (S.D. N.Y.1973), wherein the plaintiff was "the uncle and law partner of his attorney,"

> while I view with disfavor the law partner relationship between the plaintiff Stull and his attorney in the context of this case, I cannot go so far as to say that plaintiff Stull will not fairly and adequately protect the interests of the class. He shares a common interest with its members. Moreover, it cannot be said that plaintiff's attorney is unqualified to conduct this litigation. It is quite plain that this is not a collusive suit.

*Cf.,* Polak v. Noel Industries, Inc., 64 F. R.D. 333 (S.D.N.Y.1974).

While the practice of bringing lawsuits by relatives of the attorneys who will prosecute the claim is neither approved of nor encouraged by the judiciary, the Court now holds that, in the absence of any out-of-the-ordinary circumstances (the other challenges to Mrs. Sweet's representation in this derivative action cannot be said to be out-of-the-ordinary, *see, Surowitz, supra*), a derivative action so commenced should not be dismissed. That plaintiff's husband is a member of the law firm which represents her, when such firm is otherwise competent and qualified to prosecute the claim, is not perceived as an absolute bar to the action and cannot be viewed as creating a conflict of interest of so serious or substantial a nature (if at all) as to require the disqualification of the plaintiff and the dismissal of this lawsuit. The underlying fact that the plaintiff might derive some economic benefit, not available to other shareholders, from any attorneys fees which might ultimately be awarded in this action, when considered in light of the legal safeguards which attach to the determination of such fees, does not persuade the Court in defendants' favor.

Accordingly and for the reasons hereinabove stated, the defendants' motion to dismiss the instant action is hereby denied in all respects.

It is so ordered.