Fred **LOWENSCHUSS,** Trustee for Fred Lowenschuss Associates Pension Plan, Individually and on behalf of all other persons and shareholders of Great Atlantic & Pacific Tea Co., Inc., who are similarly situated, Plaintiffs,

Rachel C. Carpenter, Plaintiff-Intervenor,

v.

C. G. **BLUHDORN** et al., Defendants.

No. 73 Civ. 2021.

United States District Court,
S. D. New York.

June 17, 1976.

Reargument denied and class certification made conditional Aug. 16, 1976.

---

Abraham E. Freedman, New York City, for plaintiff;  Charles Sovel, New York City, of counsel.

Milton Paulson, New York City, for plaintiff-intervenor Rachel C. Carpenter;  Simon Rosenzweig, New York City, on the brief.

Simpson Thacher & Bartlett, New York City, for defendants Charles G. Bluhdorn and Gulf & Western Industries, Inc.;  John A. Guzzetta, Bernhardt K. Wruble, Barry R. Ostrager, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant Kidder, Peabody & Co., Inc., by

William E. Willis, Mark I. Fishman, New York City.

## OPINION

BONSAL, District Judge.

Defendants Charles G. Bluhdorn ("Bluhdorn") and Gulf & Western Industries, Inc. ("G & W") move for an order denying class action certification on Count I of the First Amended Complaint in which plaintiff asserts violations of sections 10(b), 14(d) and 14(e) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j(b), 78n(d) & 78n(e)) (the "Williams Act claim"); [1] for an order pursuant to Fed.R. Civ.P. 23(c)(1) and 23(d)(4) vacating an order previously entered certifying this as a class action with respect to the breach of contract claim (the "contract claim") asserted herein;  and for an order pursuant to Fed.R.Civ.P. 12(b)(1) dismissing the contract claims of "absent class members."

This denominated class action was brought by Fred Lowenschuss, as Trustee for Fred Lowenschuss Associates Pension Plan, individually and on behalf of all common stockholders of Great Atlantic & Pacific Tea Co., Inc. ("A & P") who tendered their shares of common stock to G & W pursuant to the terms of tender offer announced by G & W on February 2, 1973.

Lowenschuss instituted this action on February 15, 1973 in the United States District Court for the Eastern District of Pennsylvania.[2]  On April 2, 1973, the action was transferred to this district and was assigned to Judge Duffy.  On July 25, 1973, upon motions by the parties, Judge Duffy filed an opinion holding that "this case sounds only in contract," finding that this action "is a proper class action under [Fed.

---

1. The pending motion does not expressly request this order;  however, the parties' memoranda of law argue the point extensively.  Resolution of the issue is closely related to disposition of the other aspects of the motion and is appropriate at this stage of the proceedings.  See Fed.R.Civ.P. 23(c)(1).

2. Lowenschuss, an attorney, originally filed this action on his own behalf as Trustee of the pension fund;  however, during the pendency of the appeal in the Court of Appeals, he obtained outside counsel who continue to represent him.  Accordingly, the issues raised in *Kramer v. Scientific Control Corp.,* 534 F.2d 1085, (3d Cir. 1976);  *Sweet v. Bermingham,* 65 F.R.D. 551, 555 (S.D.N.Y.1975), are not presented in this case.

R.Civ.P.] 23," and granting summary judgment dismissing the complaint. 367 F.Supp. 911 (S.D.N.Y.1973). The class certified by Judge Duffy included all A & P shareholders who tendered shares of its common stock in response to the G & W tender offer announced on February 2, 1973. It is estimated that the class numbers approximately 1700.

On appeal from Judge Duffy's rulings[3] the Court of Appeals held that the complaint, while requiring amendment to satisfy Fed.R.Civ.P. 9(b), gave sufficient notice to the defendants of the Williams Act claim as well as the contract claim, and reinstated the complaint. The Court of Appeals further held that summary judgment was inappropriate since there were genuine issues of material fact with respect to G & W's alleged non-performance of the tender offer contract.[4] 520 F.2d 255 (2d Cir. 1975). The class action certification was not appealed. On July 29, 1975, following remand of the action to this Court, Lowenschuss filed the First Amended Complaint setting forth in separate counts the Williams Act claim (Count I) and the contract claim (Count II). The action was assigned to me on May 7, 1976.

By the instant motion, defendants Bluhdorn and G & W first seek an order denying class action certification as to the Williams Act claim and contend that common questions do not predominate because the "fact of damage" must be determined on an individual basis, that the class action device is not superior to other available methods for the fair and efficient adjudication of this controversy, and that the class representatives (Lowenschuss and intervenor Rachel C. Carpenter[5]) do not assert typical claims and do not adequately represent the class.

■ . The Williams Act claim alleges that G & W and Bluhdorn omitted material facts from the tender offer which defendants knew or should have known were necessary to make it not misleading, such as (1) that it was G & W's intention to acquire a controlling position in A & P or at least to exercise influence over A & P's management and policies, (2) that A & P would likely oppose the tender offer, and (3) that G & W had holdings in other companies which rendered it likely that its acquisition of the A & P stock would result in violation of the antitrust laws by both companies. The complaint in the Williams Act claim also alleges that defendant Kidder, Peabody & Co. aided and abetted Bluhdorn and G & W and that there was a conspiracy among the defendants to gain control of A & P.

The Court of Appeals stated in connection with the Williams Act claim that:

"As tendering stockholders the class members have standing to sue under the Williams Act. Section 14(e) was designed to insure full and fair disclosure by the offeror to public shareholders. . . . [P]laintiff must establish culpability on the part of the defendants, and the materiality of the alleged omissions. The intention to exercise control over a target company and the knowledge of antitrust violations that might result from acquisition of the tendered stock are normally both matters of importance to prospective tenderors. In addition plaintiff must be prepared to allege and prove causation.

"Finally plaintiff must be able to show that the tenderor class was damaged as a result of the Williams Act violations. * * * To recover anything the class members must assume the burden of proving with reasonable certainty that they would have sold their shares at a

---

3. While this action was on appeal, Rachel C. Carpenter, who allegedly tendered 1,957,012 shares of A & P common stock in response to the February 2, 1973 tender offer, intervened as a plaintiff. On June 1, 1976, there being no opposition, this Court granted Carpenter's motion to intervene in the District Court proceedings.

4. On February 13, 1973, upon motion by A & P contending that G & W's acquisition would violate the antitrust laws, Judge Duffy issued a preliminary injunction enjoining G & W's consummation of its tender offer. On March 12, 1973, the Court of Appeals affirmed this order. The tender offer was withdrawn on July 25, 1973.

5. *See* note 3 *supra*.

particular price or time if the shares had not been frozen." 520 F.2d at 267–68 (citations and footnotes omitted).

Therefore, there are common questions of law and fact affecting all the members of the class of tendering shareholders as to a determination of liability of the defendants under the Williams Act claim, and these questions predominate over the individual issues raised. *See Blackie v. Barrack,* 524 F.2d 891, 909 (9th Cir. 1975); *Green v. Wolf Corp.,* 406 F.2d 291, 300 (2d Cir. 1968). In view of the foregoing, the fact that each class member subsequently may be required to prove causation [6] and damages does not preclude certification of a class action. *See* Proposed Amendments to the Rules of Civil Procedure, 39 F.R.D. 69, 103 (1966); *Milberg v. Lawrence Cedarhurst Federal Savings and Loan Association,* 68 F.R.D. 49 (E.D.N.Y.1975). *See also Feldman v. Lifton,* 64 F.R.D. 539, 548 (S.D.N.Y.1974).

The class is "so numerous that joinder of all members is impracticable," yet, under the circumstances presented, a class action is manageable. The claims of Lowenschuss and Carpenter are typical of the claims of the class, and it appears that both Lowenschuss and Carpenter are represented by competent and experienced counsel who can be expected to fairly and adequately protect the interests of the class. *Barland v. Mack,* 48 F.R.D. 121, 126–27 (S.D.N.Y.1969); *Mersay v. First Republic Corp.,* 43 F.R.D. 465, 470 (S.D.N.Y.1968). *See Sweet v. Bermingham,* 65 F.R.D. 551, 555 (S.D.N.Y. 1975). Consideration of the interest of members of the class in individually controlling the prosecution of separate actions, the desirability of concentrating the litigation in this forum, and the difficulties of management of a class action lead to the conclusion that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See Green v. Wolf Corp.,* 406 F.2d at 301; *see also Feldman v. Lifton,* 64 F.R.D. at 549.

Accordingly, class action certification is appropriate as to the Williams Act claim asserted herein. *See* Fed.R.Civ.P. 23(b)(3), 23(c)(1).

Defendants Bluhdorn and G & W also move pursuant to Fed.R.Civ.P. 23(c)(1) and 23(d)(4) to decertify the class as to the contract claim now asserted in Count II of the First Amended Complaint, and pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the contract claims of the "absent class members" on the grounds that since the "Williams Act claim cannot be maintained as a class action," the Court should not "permit" a class action as to the pendent state law contract claim.

■ Since certification of the class as to the Williams Act claim has been found proper, this argument fails by its own premises. In any event, the contract claim is appropriate for class action certification. The Court of Appeals stated that "a binding contract between G & W and the tenderor under the terms of the tender offer was created upon proper tender." 520 F.2d at 265. The remaining legal issues as to the contract claim, such as whether G & W was in breach of the contract when it failed to purchase the properly tendered shares, are common to the members of the class of tendering shareholders. These issues predominate and are most efficiently adjudicated by a class action. Lowenschuss and Carpenter assert contract claims typical of the class and can be expected to fairly and adequately represent the interests of the class in this regard. *See* 367 F.Supp. at 914, and cases cited *supra.*

Accordingly, certification of class action on the Williams Act claim and the contract claim is granted, the class to consist of the A & P common stockholders who tendered their shares in response to the G & W tender offer announced on February 2, 1973. Defendants Bluhdorn and G & W's motion for decertification of the class on the contract claim and for dismissal of the contract claims of the "absent class members" is denied.

Settle order on notice.

---

6. *But see* 520 F.2d at 268 n. 11.

## ON MOTION FOR REARGUMENT

Defendants move for reargument on and modification of this Court's opinion dated June 17, 1976 certifying this action as a class action as to both the Williams Act and contract claims and denying defendants' motion to decertify the previously certified class as to the contract claim. Defendants also move for discovery of plaintiff Lowenschuss and seek identification of the purported class members.

The facts giving rise to this action have been set forth in previous opinions in this Court and the Court of Appeals and will not be repeated here. *See Lowenschuss v. Kane,* 520 F.2d 255 (2d Cir. 1975), *rev'g Lowenschuss v. Kane,* 367 F.Supp. 911 (S.D.N.Y.1973); *Lowenschuss v. Bluhdorn, et al.,* 73 Civ. 2021 (DBB), opinion dated June 17, 1976. *See also Gulf & Western Industries, Inc. v. Great A. & P. Tea Co., Inc.,* 476 F.2d 687 (2d Cir. 1973), *aff'g* 356 F.Supp. 1066 (S.D.N.Y.1973).

For the reasons stated in this Court's opinion dated June 17, 1976, the class as to the Williams Act claim has been certified as to certain issues raised therein, including "culpability" and "materiality," and possibly causation.* As to these issues, Rachel Carpenter, a large shareholder, is an appropriate class representative. The damages, if any, suffered by a class member will have to be determined individually.

Limited discovery is appropriate on the issues of Lowenschuss' arrangements with his attorneys in connection with this case and may be conducted in due course. *See Kramer v. Scientific Control Corp.,* 534 F.2d 1085 (3d Cir. 1976). *See Stull v. Pool,* 63 F.R.D. 702 (S.D.N.Y.1974).

Accordingly, insofar as defendants seek reargument and decertification of the class as to the Williams Act and contract claims at this time, the motion is denied.

However, as it was not previously stated, certification of the classes herein is expressly made conditional. Fed.R.Civ.P. 23(c)(1).

*See* Advisory Committee's Note on Rule 23(c)(1), Amendments to Rules of Civil Procedure, 39 F.R.D. 69, 104 (1966). *See also Parkinson v. April Industries, Inc.,* 520 F.2d 650, 653 (2d Cir. 1975); *General Motors Corp. v. City of New York,* 501 F.2d 639, 646–47 (2d Cir. 1974).

It is so ordered.

---

* The ruling herein or in the opinion dated June 17, 1976 does not imply any decision on the standards of proof applicable on these issues, which standards appear quite unsettled. *See* 520 F.2d at 268 & nn. 10, 11.