Fred LOWENSCHUSS, Trustee for Fred Lowenschuss Associates Pension Plan, Individually and on behalf of all other persons and shareholders of Great Atlantic & Pacific Tea Co., Inc., who are similarly situated, Plaintiffs,

and

Rachel C. Carpenter, Plaintiff-Intervenor,

v.

C. G. BLUHDORN, Gulf & Western Industries, Inc. and Kidder, Peabody & Co., Incorporated, Defendants.

No. 73 Civ. 2021.

United States District Court, S. D. New York.

April 20, 1978.

Phillips & Cappiello, New York City, Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., for plaintiffs by Arnold Levin, Bala Cynwyd, Pa.

Simpson, Thacher & Bartlett, New York City, for defendants Gulf & Western Industries, Inc. and C. G. Bluhdorn; John A. Guzzeta, Barry R. Ostrager, Dennis G. Jacobs, Ben Wiles, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant Kidder, Peabody & Co., Inc. by Mark I. Fishman, New York City.

Milton Paulson, New York City, for plaintiff-intervenor Rachel C. Carpenter.

## MEMORANDUM

BONSAL, District Judge.

The instant motions, having been held in abeyance pending a prior motion heard in January, 1978, are now before the Court. Defendants Gulf & Western Industries, Inc. ("Gulf & Western") and C. G. Bluhdorn move to disqualify Fred Lowenschuss as class representative and Arnold Levin, Esq. as class counsel. Lowenschuss moves to strike the above motion and its accompanying affidavits as well as impose disciplinary sanctions upon the attorneys of Simpson, Thacher & Bartlett ("Simpson Thacher") who submitted affidavits in support of the above motion. He also moves to amend the class complaint to add Simpson Thacher and Joel Dolkart (a senior partner at Simpson Thacher during the relevant period) as defendants and to disqualify Simpson Thacher as counsel to defendants Gulf & Western and Bluhdorn.

The facts giving rise to this action have been set forth in previous opinions of this Court and of the Court of Appeals and will not be repeated here. *See Lowenschuss v. Kane,* 520 F.2d 255 (2d Cir. 1975), *rev'g Lowenschuss v. Kane,* 367 F.Supp. 911 (S.D. N.Y.1973); *Lowenschuss v. Bluhdorn,* 72 F.R.D. 498 (S.D.N.Y.1976). *See also Gulf & Western Industries, Inc. v. Great A. & P. Tea Co.,* 476 F.2d 687 (2d Cir. 1973), *aff'g* 356 F.Supp. 1066 (S.D.N.Y.1973).

On December 20, 1976 and December 23, 1976, Lowenschuss moved for leave to amend his complaint to add Joel Dolkart and Simpson Thacher as party defendants and disqualify Simpson Thacher as counsel. However, the parties maintained the status quo pending settlement negotiations, which continued into the summer of 1977. These negotiations advanced to the stage of drafting a stipulation of settlement but terminated immediately thereafter.

On September 12, 1977, Gulf & Western moved by Order to Show Cause to disqualify Lowenschuss as class representative and Arnold Levin, Esq. as class counsel. On September 20, 1977, the plaintiff moved by

Order to Show Cause to strike defendants' motion and impose disciplinary sanctions against the attorneys who had submitted the affidavits in support of the motion.

On October 10, 1977, plaintiff-intervenor Rachel Carpenter moved to compel consummation of the aborted settlement, which the Court reluctantly denied after an evidentiary hearing on January 23 and 24, 1978. The foregoing motions, having been adjourned until that determination, will now be decided.

### I. DISQUALIFICATION OF LOWENSCHUSS

In this Court's opinion of August 16, 1976, certification of the class was expressly made conditional. Limited discovery was permitted "on the issues of Lowenschuss' arrangements with his attorneys in connection with this case." *Lowenschuss v. Bluhdorn, supra,* 72 F.R.D. at 502.[1]

On May 10, 1976, Lowenschuss, who had doubled as class representative and counsel, had withdrawn as class counsel owing to the Third Circuit's decision in *Kramer v. Scientific Control Corp.,* 534 F.2d 1085, 1090 (3d Cir.), *cert. denied,* 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976), which had ruled that "a plaintiff class representative could not, with complete fidelity to Canon 9, serve as class counsel." At that time, he entered into an agreement with co-counsel, Adler, Barish, Daniels, Levin & Creskoff, reciting the terms of his withdrawal. They agreed to be bound by his representations that his firm, Fred Lowenschuss Associates, had spent 6500 hours on the case and that an hourly compensation rate of $300 was "fair and reasonable under the circumstances."[2] Arnold Levin, Esq. signed for Adler Barish and by letter dated May 14, 1976 sent the executed agreement to Lowenschuss, stating that it would be Lowen-

schuss' responsibility "to justify the 6500 hours [to the Court] on the basis of [his] records." In the agreement, Lowenschuss also retained "the right to approve or disapprove of any action affecting the rights of the class." Defendants contend that Lowenschuss has helped to draft motions and continued to suggest methods for prosecuting the lawsuit.

Defendants also criticize an earlier fee-sharing arrangement which Lowenschuss had made while he was still class counsel. In May, 1973, the firm of Abraham E. Freedman (with which Levin was then associated) agreed to serve as associate counsel and agreed that "regardless of when this litigation is terminated that the law firm of Fred Lowenschuss Associates will have rendered ⅔ of such legal services and that the law firms of Abraham E. Freedman and/or Freedman, Borowsky & Lorry will have rendered ⅓ of the legal fee . . . ." Defendants claim that this amounted to a violation of the Code of Professional Responsibility's Disciplinary Rule 2–107(A)(2), which provides that "[a] lawyer shall not divide a fee for legal services with another lawyer who is not a partner in or associate of his law firm . . . unless . . . [t]he division is made in proportion to the services performed and responsibility assumed by each."

In light of the foregoing, it is unnecessary to wade into the quicksand of further accusations directed at Mr. Lowenschuss based on his alleged conduct in this and prior lawsuits. Indeed, it is undesirable to do so as an inordinate amount of time in this litigation has already been expended on issues unrelated to the merits of this action.

■ The two foregoing fee agreements are sufficient to demonstrate that Lowenschuss cannot "fairly and adequately pro-

---

1. Such discovery was delayed owing to the motion in December, 1976 to join Simpson Thacher and Joel Dolkart as party defendants and to disqualify Simpson Thacher. Lowenschuss unsuccessfully argued that this motion barred inquiry into his fee arrangements. Discovery proceeded in January and February of 1977.

2. According to the defendants, for the 3¼ years during which Lowenschuss was counsel, this amounts to nearly $2 million, on the basis of 38-hour weeks, 52 weeks a year. It is claimed that a maximum of three lawyers staffed Lowenschuss' law office during the years 1973–1976.

tect the interests of the class." Fed.R. Civ.P. 23(a)(4). "In order for a party adequately to represent a class or a subclass, his interests must be wholly compatible with and not antagonistic to those whom he would represent." 3B Moore's Federal Practice ¶ 23.07[3] at 23–401 (1977). Lowenschuss' preoccupation with assuring a large attorney's fee, reflected in his fee agreements with co-counsel, evinces a greater conflict of interest with the class than would his simply serving as both class representative and class counsel. *See Lorber v. Beebe,* 407 F.Supp. 279 (S.D.N.Y. 1975); *Stull v. Pool,* 63 F.R.D. 702 (S.D.N.Y. 1974); *Cotchett v. Avis Rent A Car System, Inc.,* 56 F.R.D. 549 (S.D.N.Y.1972). Where the class representative is also class counsel, the courts that find a conflict of interest reason that "the financial recovery for reasonable attorney's fees would dwarf the individual's recovery as a member of the class." *Turoff v. May Co.,* 531 F.2d 1357, 1360 (6th Cir. 1976); *accord, Seiden v. Nicholson,* 69 F.R.D. 681 (N.D.Ill.1976); *Cotchett v. Avis Rent A Car System, Inc., supra.* Here, too, Lowenschuss' attorney's fee dwarfs his possible recovery—it may be more than 100 times greater. In addition, it is more than a presumed conflict of interest which concerns the Court. A hearing before Magistrate Schreiber on June 30, 1977 as well as the evidentiary hearing before this Court on January 23 and 24, 1978 indicate that Lowenschuss' obsession with his attorney's fee was one factor contributing to the negotiations' breakdown.

■ Therefore, defendants' motion to disqualify Lowenschuss as class representative is granted. Under the circumstances and in view of Canon 9 of the Code of Professional Responsibility requiring a lawyer to "avoid even the appearance of professional impropriety," Arnold Levin, Esq. should withdraw as class counsel. The disqualification and withdrawal should not be made immediately effective, however.

■ Under Fed.R.Civ.P. 23(d)(2), this Court may make appropriate orders "requiring, for the protection of the members of the class or otherwise for the fair con-duct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action . . .." As Lowenschuss owed a fiduciary duty to the class, it is his responsibility to seek a substitute representative. Accordingly, he is ordered to send a notice to all members of the class whose identities and addresses are presently known, advising them of this decision and seeking a substitute representative and/or intervenors. *See Rothman v. Gould,* 52 F.R.D. 494 (S.D.N.Y.1971); *Miller v. Central Chinchilla Group, Inc.,* 66 F.R.D. 411 (S.D.Iowa 1975); 7A Wright & Miller, Federal Practice and Procedure: Civil § 1793 at 201 (1972). This notice, which shall be submitted to the Court for its approval within 20 days, shall include: 1) the history and nature of the action, including the aborted settlement negotiations and any other settlement possibilities; 2) a description of the class and its claims; and 3) the reason for the need for a substitute representative. *See Rothman v. Gould, supra.* The costs of this notice will be borne by Lowenschuss but will be taxed as costs of the action. *Miller v. Central Chinchilla Group, Inc., supra* at 417. After a substitute class representative is certified, the order granting this motion will become effective.

## II. IMPOSITION OF DISCIPLINARY SANCTIONS

■ Lowenschuss and Levin contend that the affidavits of Messrs. Dennis Jacobs and Barry Ostrager, which accompanied the motion to disqualify them, contain false and slanderous statements. They further claim that the motion was brought for improper purposes. They therefore move pursuant to Fed.R.Civ.P. 11 to strike the motion to disqualify them and request the imposition of disciplinary sanctions upon Ostrager and Jacobs.

"A reputable attorney cannot file sham or frivolous pleadings and motions, or insert scandalous or indecent matter. An attorney who does resort to such tactics should be disciplined; and the pleading or motion which violates the spirit of this rule [11]

should be stricken." 2A Moore's Federal Practice ¶ 11.02 at 11–6–7 (2d ed. 1975).

That the motion to disqualify Lowenschuss was not frivolous is apparent from the fact that it was granted. After reading all of the papers submitted, the Court finds nothing improper or groundless in the affidavits and therefore declines to strike the motion or impose disciplinary sanctions. *Cf. Roosevelt Field v. Town of North Hempstead,* 84 F.Supp. 456 (E.D.N.Y.1949).

### III. MOTIONS TO AMEND THE CLASS COMPLAINT AND DISQUALIFY SIMPSON THACHER

Lowenschuss has moved pursuant to Rules 15 and 21, Fed.R.Civ.P., to permit him to file a second amended complaint joining Joel Dolkart and Simpson Thacher as defendants.

Plaintiffs have been allowed to add parties "where there is an extremely close intercorporate or other relationship between the original and added defendant, and there is no prejudice to the new party, although there are *contra* holdings." 3 Moore's Federal Practice ¶ 15.08[5] at 923 (2d ed. 1974). In this Circuit, "[i]t is within the judge's discretion to grant leave to amend a complaint. However, he may not abuse his discretion, and if he refuses 'to grant the leave without any justifying reason,' [citation omitted], or bases a denial to amend on erroneous beliefs, [citation omitted], such a denial is reviewable." *Middle Atlantic Utilities Co. v. S. M. W. Development Corp.,* 392 F.2d 380, 384 (2d Cir. 1968); *accord, Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

In light of Lowenschuss' disqualification as class representative and the fact that plaintiff-intervenor Carpenter did not join in this motion, the Court denies this motion without prejudice to renewal when a substitute class representative is certified.

Moreover, this obviates any need to disqualify Simpson Thacher at this time. Plaintiff's supposed intention to call members of Simpson Thacher as witnesses will not suffice to disqualify the firm at this time. *See Kroungold v. Triester,* 521 F.2d 763 (3d Cir. 1975).

Accordingly, defendants' motion to disqualify Lowenschuss is granted. Lowenschuss' motion pursuant to Fed.R.Civ.P. 11 is denied. His other motions are denied without prejudice.

Settle order on notice.