**Samuel WEISMAN, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**George J. DARNEILLE, F. Arnold Daum, Alex W. Head, John P. Ohl, I. L. Vosko, Beaumont Development Corporation and Webster Securities Limited, Defendants.**

**No. 77 Civ. 2110 (LFM).**

United States District Court, S. D. New York.

April 19, 1978.

**670**

Bernstein & Kirby by Roger W. Kirby, New York City, Kaufman, Taylor, Kimmel & Miller by Stanley L. Kaufman, New York City, for plaintiff.

Cahill, Gordon & Reindel by Thomas F. Curnin, Thomas J. Kavaler and George Wailand, New York City, for defendants Daum and Darneille.

Patterson, Belknap, Webb & Tyler by Thomas C. Morrison and Gene M. Bauer, New York City, for defendant Webster Securities Limited.

## OPINION

MacMAHON, District Judge.

Plaintiff moves, pursuant to Rule 23(c), Fed.R.Civ.P., for class certification in this action.

The complaint alleges that certain officers and directors of Westates Petroleum Company (Westates) and other individuals used their inside knowledge and made false S.E.C. filings to profit illegally from Westates' liquidation. Plaintiff, a Westates shareholder, brought this direct action under Section 10(b)[1] of the Securities Exchange Act of 1934 and Rule 10b–5[2] to recover the wrongful profits.[3] He now seeks to represent "all persons, exclusive of defendants, who owned shares of Westates . . . on February 1, 1977, the record date for determining the shareholders of Westates who are entitled to share in the proceeds of the liquidation of Westates."

Certification is dependent on plaintiff's proof that each of the requirements of Rule 23(a), Fed.R.Civ.P., has been met. *Fruchthandler v. Blakely*, 73 F.R.D. 318 (S.D.N.Y.1976). We conclude that plaintiff cannot "fairly and adequately protect the interests of the class," Rule 23(a)(4), Fed.R.Civ.P., and therefore do not consider his other arguments.

Plaintiff is a felon convicted of violating Section 10(b), the very statute he invokes here. On November 27, 1974, a Southern District of New York jury found him guilty of stock fraud (in violation of 15 U.S.C. §§ 78j(b) and 78f(f)), mail fraud (in violation of 18 U.S.C. §§ 2 and 1341), and conspiracy (in violation of 18 U.S.C. § 371), in connection with the sale of stock in Automated Information Systems, Inc. (Automated). He subsequently was fined $5,000 by Hon. Charles M. Metzner, who departed from his "normal practice in such cases [of imposing] a sentence of incarceration" only because plaintiff was aged and in poor health. Plaintiff, an attorney, was also censured by the Appellate Division as a result of his felony conviction. Under current standards, however, he would have been disbarred automatically. *In re Chu*, 42 N.Y.2d 490, 398 N.Y.S.2d 1001, 369 N.E.2d 1 (1977).

Plaintiff, moreover, did not reveal the fact of his conviction to counsel here until

1. 15 U.S.C. § 78j(b).

2. 17 C.F.R. § 240.10b–5.

3. The complaint also alleged violations of Section 13, 15 U.S.C. § 78m, and of Regulation 13D, 17 C.F.R. §§ 240.13d–1–240.13d–4. In a memorandum and order dated March 22, 1978, however, we dismissed those claims under Rule 12(b)(6), Fed.R.Civ.P., with leave to replead. Plaintiff has informed us by letter dated March 29, 1978 that he will not file an amended complaint.

the day before his deposition. During the deposition, he expressed an inability to understand a question concerning his experience as a litigant and then testified falsely that his conviction was for a misdemeanor. His testimony regarding an unrelated S.E.C. inquiry and other litigation was similarly evasive.

Plaintiff's conviction and subsequent conduct here convince us that he lacks the " 'honesty, conscientiousness, and other affirmative personal qualities' " required of a class representative. *Ash v. Brunswick Corp.*, 405 F.Supp. 234 (D.Del.1975), quoting 7 C. Wright & A. Miller, *Federal Practice and Procedure* § 1766. As a fiduciary for the class, he would be required to adhere to the highest standards of honesty and integrity. See *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 549–550, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). He clearly failed to meet those standards in the Automated transaction and has similarly failed to do so in this suit. That conduct is sufficient to dictate the denial of class certification here. *Amswiss Int'l Corp. v. Heublein, Inc.*, 69 F.R.D. 663 (N.D.Ga.1975); *Ash v. Brunswick Corp., supra.*[4]

Plaintiff's unfamiliarity with this suit also requires the denial of certification. *Greenspan v. Brassler*, 78 F.R.D. 130 (S.D. N.Y.1978). Plaintiff did not meet with his counsel in the ten months between the filing of the complaint and the day preceding his deposition. He cannot describe his claim or name the defendants. He was not even certain that he had seen a copy of the complaint before his deposition. Apart from his awareness that he must bear the costs of the suit, plaintiff knows none of the duties and responsibilities of a class representative. Indeed, he has done little more in this action than write an initial letter to his counsel, sign a retainer and submit to a deposition.

Plaintiff's superfluous role here does not meet the requirements of Rule 23(a)(4).

The class is entitled under that rule to more than competent counsel. It must also be assured that it will have an adequate representative, one who will check the otherwise unfettered discretion of counsel in prosecuting the suit and who will provide his personal knowledge of the facts underlying the complaint. *Greenspan v. Brassler, supra.* The class is entitled to a representative who is more than "a key to the courthouse door dispensable once entry has been effected." *Saylor v. Lindsley*, 456 F.2d 896, 900 (2d Cir. 1972). Plaintiff's evident willingness to rely on counsel's ability to protect the interests of the class is inconsistent with the participation required of an adequate class representative. *Greenspan v. Brassler, supra*, and cases cited at pp. 133-134. See also *Citron v. Marine Midland Banks, Inc.*, No. 77 Civ. 2557 (CMM) (S.D.N.Y. Mar. 27, 1978).

Accordingly, plaintiff's motion for class certification is denied.

So ordered.

---

**4.** Plaintiff's conviction and deposition testimony also may subject him to discrediting cross-examination at trial that could prejudice the claims of the class. Cf. *Koos v. First Nat'l*

*Bank*, 496 F.2d 1162 (7th Cir. 1974) (certification should be denied when the putative representative is subject to an unique defense).