**Samuel WEISMAN, on behalf of himself and all others similarly situated, Plaintiff,**

**v.**

**George J. DARNEILLE, F. Arnold Daum, Alex W. Head, John P. Ohl, I. L. Vosko, Beaumont Development Corporation and Webster Securities Limited, Defendants.**

**No. 77 Civ. 2110 (LFM).**

United States District Court, S. D. New York.

May 25, 1978.

---

Bernstein & Kirby by Roger W. Kirby, New York City, Kaufman, Taylor, Kimmel & Miller by Stanley L. Kaufman, Irving Malchman, New York City, for plaintiff.

Cahill, Gordon & Reindel by Thomas F. Curnin, Thomas J. Kavaler and John C. Koutsos, New York City, for defendants Daum and Darneille.

Hertzog & Calamari by Peter E. Calamari, New York City, for defendant Head.

Bodell & Magovern, P. C. by Gerald E. Bodell, New York City, for defendant Beaumont Development Corp.

## OPINION

MacMAHON, District Judge.

Plaintiff moves for (1) the appointment of a guardian ad litem for the putative class, or (2) certification pursuant to 28 U.S.C. § 1292(b) of our opinion and order dated April 19, 1978, 78 F.R.D. 669. He

also moves, in a separate motion, for (1) a list of the "class" members and (2) an order compelling the production of certain documents.

Plaintiff brought this direct action under Section 10(b) of the Securities Exchange Act of 1934 [1] and Rule 10b–5 [2] to recover the allegedly illegal profits defendants gained from the liquidation of Westates Petroleum Company.[3] In our opinion and order dated April 19, 1978, we denied plaintiff's motion for class certification on the sole ground that he did not meet the requirements of Rule 23(a)(4), Fed.R.Civ.P. We found that plaintiff was not an adequate class representative because he had a prior felony conviction under Section 10(b), his conduct in this action did not comport with the high standards of honesty and integrity required of a fiduciary, and his knowledge of, and participation in, this litigation was not that required of a proper representative. See *Weisman v. Darneille*, No. 77 Civ. 2110, 78 F.R.D. 669 (S.D.N.Y. Apr. 19, 1978) (denial of motion for class certification).

## Guardian Ad Litem

■ Plaintiff's motion for the appointment of a guardian ad litem is grounded on the premise that the guardian could "oversee plaintiff's conduct as a class representative and . . . insure that plaintiff does in fact adhere to the highest standards of honesty and integrity in this case." He further argues that defendants will escape liability for their alleged wrongdoing unless a guardian is appointed. The arguments are frivolous.

■ Plaintiff has cited no authority, and our research has disclosed none, supporting the proposition that a guardian may be appointed to protect the interests of a *putative* class. In every instance in which a

guardian has been appointed, the interests of a *certified class* were inconsistent with those of its representative or his counsel. Our prior denial of certification here is thus a critical distinction between this case and those cited by plaintiff. In the absence of certification, there is no "class" whose interests need to be protected by a guardian ad litem.

■ Plaintiff's argument that denial of this motion will allow defendants to escape liability for their allegedly illegal acts is also unpersuasive. Rejection of one plaintiff as an adequate class representative does not preclude our granting class certification to another representative plaintiff.[4]

Rule 23(a)(4), moreover, requires that the class representative himself be an adequate fiduciary for the class. That requirement cannot be satisfied by a patently inadequate representative supervised by an individual with no stake in the litigation. What plaintiff attempts in this motion is an end-run around Rule 23. We refuse to permit that circumvention of the rule's principles and deny the motion insofar as it seeks the appointment of a guardian ad litem for the putative class.

## § 1292(b) Certification

■ Certification of an interlocutory order to the Court of Appeals cannot be granted unless the "district judge . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." [5] Plaintiff has not specified the question of law which he considers controlling. His memoranda, however, attack both of the grounds of which our order of April 19

---

**1.** 15 U.S.C. § 78j(b).

**2.** 17 C.F.R. § 240.10b–5.

**3.** Plaintiff also sought recovery under Section 13 of the Securities Exchange Act of 1934, 15 U.S.C. § 78m, and under Regulation 13D thereunder, 17 C.F.R. §§ 240.13d–1—240.13d–4. We dismissed those claims pursuant to Rule

12(b)(6), Fed.R.Civ.P., on March 22, 1978, however.

**4.** See *Brick v. CPC International, Inc.*, 547 F.2d 185 (2d Cir. 1976).

**5.** 28 U.S.C. § 1292(b).

rested: that plaintiff had not demonstrated the personal integrity required in the fiduciary role he sought and that his knowledge of, and participation in, this litigation were insufficient to satisfy Rule 23(a)(4).

Neither of those grounds, however, can serve as the basis for the certification of our order. Both involve mixed questions of law and fact and therefore cannot give the Court of Appeals jurisdiction to hear an interlocutory appeal.[6]

Moreover, there is not "substantial ground for difference of opinion" regarding either of those grounds. Plaintiff has cited no authority directly supporting his contention that a felon can be a proper class representative when he has been convicted under the very statute invoked in the purported class action.[7] Nor has he cited any decisions by our Court of Appeals or by courts in the Southern District of New York rejecting our second ground for denying certification. Indeed, that ground is supported by substantial precedent in this district.[8] We therefore deny plaintiff's motion insofar as it seeks § 1292(b) certification of our April 19 order.

### Class List

■ Plaintiff also seeks a list of the "class members" in this action so that he can "alert the class to its rights and to the fact that these rights are in serious jeopardy."

The simple and dispositive answer to this request, however, is that class certification has been denied in this action. There are therefore no class members and no class rights to be protected.[9] Plaintiff's attempt to communicate with non-parties to induce them to intervene here, moreover, poses serious ethical problems for his counsel. We therefore deny this motion insofar as it seeks a class list.

### Document Production

■ Plaintiff finally seeks an order compelling defendants and others to produce documents sought in prior discovery requests.[10]

Rule 9(f), General Rules for United States District Courts for the Southern and Eastern Districts of New York, requires, however, that every motion for an order compelling production must be accompanied by the movant's affidavit that he has conferred with opposing counsel in an attempt to resolve the dispute informally. Plaintiff has not submitted such an affidavit, and this failure appears especially significant here, in light of defendants' representations that they are ready to comply with any proper discovery request. We therefore deny plaintiff's request for a production order without prejudice to renewal upon his compliance with General Rule 9(f).

One final matter must be resolved. On January 6, 1978, we stayed all discovery in this action pending the determination of the

**6.** See *Link v. Mercedes-Benz of North America, Inc.,* 550 F.2d 860 (3d Cir.), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977); *Johnson v. Alldredge,* 488 F.2d 820 (3d Cir. 1973), *cert. denied,* 419 U.S. 882, 95 S.Ct. 148, 42 L.Ed.2d 122 (1974).

**7.** Plaintiff's argument that the courts allow prisoners to maintain class actions on behalf of other prisoners is specious. No one but a prisoner could be a proper class representative in such a case.

**8.** See *Weisman v. Darneille, supra,* and cases there cited; *Greenspan v. Brassler,* 78 F.R.D. 130 (S.D.N.Y. 1978), and cases there cited.

**9.** Plaintiff's authorities cited in support of this aspect of his motion are inapposite. In *Lowenschuss v. Bluhdorn,* 73 Civ. 2021, 78 F.R.D.

675 (S.D.N.Y. Apr. 20, 1978), Judge Bonsal ordered that the disqualified class representative in a *certified class action* be given a class list to seek substitute representation. N.Y. Business Corporation Law § 624(b) (McKinney 1963) deals with the rights of certain shareholders to inspect the books of a corporation and to seek in the *state* courts an order allowing such inspection. Section 627 of that law and *Weisfeld v. Spartan Industries, Inc.,* 58 F.R.D. 570, 578–79 (S.D.N.Y.1972), allow a plaintiff in a *derivative* action to inspect the corporation's shareholder list to find other shareholders willing to intervene and thereby obviate the necessity of his posting security for his state law claims.

**10.** Rule 37(a), Fed.R.Civ.P.

class certification motion. There may have been some confusion among the parties as to whether plaintiff's motion for § 1292(b) certification extended that stay. To eliminate that confusion, we hold that the stay is vacated as of this date.

Accordingly, our prior stay of discovery in this action is vacated as of this date. Plaintiff's motion for an order compelling production of documents is denied without prejudice to renewal after compliance with General Rule 9(f). Plaintiff's motions are otherwise denied in all respects.

So ordered.