MADDOX & STARBUCK, LTD., for itself and on behalf of others similarly situated, Plaintiff,

v.

BRITISH AIRWAYS, El Al Israel Airlines, Ltd. and Air France (Compagnie Nationale Air France), Defendants.

No. 70 Civ. 1579 (CHT).

United States District Court, S.D. New York.

Jan. 6, 1983.

Lovejoy, Wasson, Lundgren & Ashton, New York City, for plaintiff; Anthony F. LoFrisco, Morton Apfeldorf, New York City, of counsel.

Barrett, Smith, Schapiro, Simon & Armstrong, New York City, for defendant British Airways; William C. Clarke, James Tussing, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant Air France; Edward M. O'Brien, New York City, of counsel.

Hale, Russell & Gray, New York City, for defendant El Al; Louis H. Kurrelmeyer, David M. Lindley, Linda K. Mandel, New York City, of counsel.

## OPINION

TENNEY, District Judge.

Plaintiff, Maddox & Starbuck, Ltd. ("Maddox & Starbuck"), a travel agency, seeks class certification pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(1) on behalf of itself and all those similarly situated in an action against British Airways, El Al Israel Airlines, Ltd. and Air France (Compagnie Nationale Air France). Defendants oppose class certification and have also moved pursuant to Rule 41(b) to have Maddox & Starbuck's individual action dismissed for failure to prosecute. For the reasons stated below, both motions are denied.

*Background*

The defendants, members of the International Air Transport Association, entered into an agreement which provided that qualified and approved travel agents would receive uniform commissions from the member airlines. Plaintiff, one of the qualified agents, claims that the defendants violated the agreement by paying excessive commissions to certain favored agents. Plaintiff seeks class certification in order to obtain damages for breach of contract for itself and the putative class members.

Subsequent to plaintiff's motion for class action certification two relevant events occurred. First, plaintiff informed the Court that it could not proceed as the named representative of the class since its principal had been convicted of an unrelated criminal offense. Plaintiff requested, and was granted, a number of adjournments in order to find a suitable substitute. However, no replacement was found. Second, the plaintiff and its principal filed voluntary petitions in bankruptcy.

Plaintiff now argues that the Court should allow the Interim Trustee in Bankruptcy to be substituted for it as class representative,[1] and, moreover, that this substitution would cure any defect associated with the plaintiff's representation. Alternatively, plaintiff contends that if the Court decides not to certify the class, the putative class members should be given notice of this decision so that they may proceed on their own behalf.

Defendants oppose both of these positions. Furthermore, they argue that due to the numerous delays and extensions in this case, the Court should dismiss the action for failure to prosecute.

*Discussion*

 Class certification will be granted only if the named plaintiff meets the four prerequisites of Rule 23(a). *Weisman v. Darneille,* 78 F.R.D. 669, 670 (S.D.N.Y. 1978); *Fruchthandler v. Blakely,* 73 F.R.D. 318, 320 (S.D.N.Y.1976). Rule 23(a)(4) states that "the representative parties [must] fairly and adequately protect the interests of the class." Both sides agree that the criminal activity of Maddox & Starbuck's principal prevent it from satisfying this requirement. *See Weisman v. Darneille, supra.* Maddox & Starbuck, however, asserts that the substitution of its Interim Trustee in Bankruptcy would cure any defects associated with its representation.

This view is mistaken. "[The trustee] stands in the bankrupt's shoes and is subject to all claims and defenses which might have been asserted against the bankrupt." *Miller v. New York Produce Exch.,* 550 F.2d 762, 768 (2d Cir.), *cert. denied,* 434 U.S. 823, 98 S.Ct. 68, 54 L.Ed.2d 80 (1977) (citing *Bank of Marin v. England,* 385 U.S. 99, 101, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966); 4A Collier, Bankruptcy § 70.28 at 385). *See also In re Silverman,* 15 B.R. 843, 847 (Bkrtcy.S.D.N.Y.1981) ("[W]rong doing of a bankrupt is a defense to a claim asserted by his trustee in bankruptcy").

1. Although the Interim Trustee has indicated a willingness to proceed as the class representative, Letter from Mr. John Pereira (trustee) to

Mr. Morton Apfeldorf (plaintiff's counsel), dated November 15, 1982, he has not yet made a final decision.

Here, the named plaintiff has a stigma that prevents it from proceeding as the class representative. Since the Interim Trustee stands in the shoes of the bankrupt, *Miller v. New York Produce Exch., supra,* the stigma may not be avoided by substituting the trustee for the bankrupt. It would be inequitable to allow the trustee to proceed where the bankrupt could not.[2]

Therefore, since the proposed class representative does not satisfy Rule 23(a)(4), the motion for class certification is denied.

 Plaintiff argues that if the class is not certified the putative class members should be notified since they may have learned about the pending action through a trade publication or from a legal seminar, and, therefore, may have entrusted the protection of their rights to the class representative. Affidavit of Anthony F. LoFrisco, sworn to Novem. 3, 1982, ¶¶ 4, 5. Plaintiff ·claims that the statute of limitations will bar all independent actions that are not immediately commenced and argues that, unless notified, the putative class members will continue to rely on the class action to their detriment. Reply Affidavit of Anthony F. LoFrisco, sworn to Oct. 18, 1982, ¶ 3.

This argument is not persuasive. A court is not generally required to notify putative class members of the pending dismissal of a precertification class action. *See Robinson v. First Nat'l City Bank,* 482 F.Supp. 92, 100 (S.D.N.Y.1979); *Ross v. Warner,* 80 F.R.D. 88, 90–91 (S.D.N.Y.1978); *Weisman v. Darneille, supra,* 78 F.R.D. at 674. Nevertheless, courts have required notice when the putative class members have been induced to rely on the class action and would be unduly prejudiced by a dismissal without notice. *Ross v. Warner, supra,* (notice that a class was being constricted required where the case had received substantial publicity and reliance on smaller class could occur); *Berse v. Berman,* 60 F.R.D. 414 (S.D.N.Y.1973) (notice of dismissal required

where putative class members had received actual notice of the pendency of the action from the court).

In this case, notice of the impending dismissal is not required. There has been neither actual court notice nor substantial publicity. Indeed, the fact that no one has attempted to substitute as class representative, even after the Court gave the plaintiff more than adequate time to find a substitute, makes it unlikely that any agent has relied on the class action instead of pursuing its own claim. Moreover, the putative class members will not be prejudiced by the running of the statute of limitations. Under the rule established in *American Pipe and Constr. Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974), the statute of limitations has probably tolled during the pendency of the suit. *Robinson v. First Nat'l City Bank, supra,* 482 F.Supp. at 101; *Ross v. Warner, supra,* 80 F.R.D. at 91.

 Furthermore, any concern about possible prejudice to absent class members is outweighed by an important policy of our jurisprudence. In determining whether notice should be given to putative class members when class certification has been denied, the Court will take care to avoid giving rise to barratry. *Cf. Norman v. Arcs Equities Corp.,* 72 F.R.D. 502, 504 (S.D.N.Y. 1976). If this Court were to require notice to the putative class members without an adequate showing of reliance, not only would it be sanctioning barratry, but it would be actively promoting it.

 In addition to opposing plaintiff's motion, the defendants have moved to have Maddox & Starbuck's individual action dismissed for failure to prosecute. Dismissal for failure to prosecute is "an especially drastic remedy, reserved for 'rare occasions.'" *Merker v. Rice,* 649 F.2d 171, 173 (2d Cir.1981) (citations omitted). To date plaintiff's individual action has been part of

**2.** Thus, in this case, the Court need not make an independent examination of the bankrupt's estate to determine whether the bankruptcy trustee could adequately represent the class or whether a potential conflict exists between the

trustee's duties toward the creditors and the putative class members. *See Independent Gasoline Antitrust Litig.,* 79 F.R.D. 552, 557 (D.Md. 1978).

the class action. There has not been a failure to prosecute. However, numerous delays and extensions have accompanied this litigation. Therefore, the Interim Trustee is directed to proceed with the action within sixty days or the action will be dismissed.

In sum, the Interim Trustee in Bankruptcy may not be substituted for Maddox & Starbuck as the class representative; class certification is denied without notice to the putative class members; and defendants' motion for dismissal is also denied.

So ordered.