**THE ZEMEL FAMILY TRUST, Plaintiff,**

v.

**PHILIPS INTERNATIONAL REALTY CORP., Philip Pilevsky, Louis J. Petra, Sheila Levine, Elise Jaffe, Robert S. Grimes, Arnold S. Penner, and A.F. Petrocelli, Defendants.**

**No. 00 CIV 7438(MGC).**

United States District Court,
S.D. New York.

Feb. 5, 2002.

Goodkind, Labaton, Rudoff & Sucharow, LLP, New York City, By: Edward Labaton, Lynda J. Grant, Stacey B. Fishbein, for Plaintiff.

Pryor, Cashman, Sherman & Flynn, LLP, New York City, By: James A. Janowitz, Lisa M. Buckley, for Philips International Realty Corp., Philip Pilevsky, Louis Petra, and Sheila Levine.

Richards, Spears, Kibbe and Orbe, New York City, By: David Spears, Adam D. Mitzner, for Elise Jaffe, Robert S. Grimes, Arnold S. Penner, and A.F. Petrocelli.

*OPINION*

CEDARBAUM, District Judge.

Plaintiff, the Zemel Family Trust, moves pursuant to Fed.R.Civ.P. 23 for class certification. Defendants oppose the motion on the ground that Barry Zemel is not typical of the class he seeks to represent, is not an appropriate fiduciary, and will not "fairly and adequately" protect the interests of the class. For the reasons that follow, plaintiff's motion in denied.

## BACKGROUND

On October 2, 2000, the Zemel Family Trust, whose trustees and beneficiaries are Barry Zemel and his wife, Barbara Zemel, commenced this class action against Philips International Realty Corp. ("Philips") and the members of its board of directors. The complaint alleges that Philips solicited shareholder approval for a liquidation plan by means of a false and misleading proxy statement in violation of Section 14(a) of the Securities Exchange Act of 1934 and its accompanying regulations. In October 2000, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), plaintiff published a notice of pendency of this class action. No other person or entity came forward to serve as lead plaintiff of the purported class or to participate in the action in any way.

After an evidentiary hearing, I issued an opinion denying plaintiff's motion for a preliminary injunction. The reasons for my ruling and the central facts of this case are detailed in that opinion, *The Zemel Family Trust v. Philips Int'l Realty Corp.*, 2000 WL 1772608 (S.D.N.Y.2000).

Plaintiff now moves for class certification and designation as the representative of a class consisting of "[a]ll record holders of the shares of Philips International Realty Corp. as of August 15, 2000 or their successors-in-interest," excluding "the defendants and any firm, trust, corporation, or other entity related to or affiliated with any of the defendants."

## DISCUSSION

The Zemel Family Trust exists for the sole benefit of its trustees, Barry Zemel and his wife, Barbara Zemel. Barbara Zemel testified in her deposition that she knows very little about this lawsuit and relies on her husband in such matters. Accordingly, the issue is whether Barry Zemel is qualified to serve as class representative. Rule 23 of the Federal Rules of Civil Procedure provides that:

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if ... (3) the claims or defenses of the parties are typical of the claims or defenses of the class, and (4) the

representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

Barry Zemel is subject to unique defenses that are atypical of the class he seeks to represent. "While it is settled that the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification," the Second Circuit has held that "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Baffa v. Donaldson*, 222 F.3d 52, 59 (2d Cir.2000) (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch*, 903 F.2d 176, 180 (2d Cir.1990)). Recognizing "the danger that absent class members will suffer if their representative is preoccupied with defenses unique to [her]," *id.* at 60, the *Baffa* court upheld the district court's rejection of a sophisticated broker who had access to more information than other investors in the class in a securities fraud action. *Id.* In *Gary Plastic Packaging Corp.*, the Second Circuit saw no abuse of discretion in a district court's denial of class certification for lack of typicality, even though the plaintiff in question was the only one who had sought to represent the class, noting that "a class may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gary Plastic Packaging Corp.*, 903 F.2d at 180 (internal citations omitted).

Barry Zemel has initiated hundreds of mini-tender offers at below market prices. Moreover, the entities through which he has conducted these tender offers—IG Holdings and Peachtree Partners—were each the subject of an SEC cease and desist order issued in August 1999. The SEC concluded that IG Holdings had violated Section 14(e) of the Exchange Act because "the means used to disseminate its below market mini-tender offers resulted in some shareholders not receiving material information about the offers, including the calculation of the final price to be paid by IG Holdings and the warning ... that the offering price might not reflect the market price." Peachtree Partners was found to have violated Section 14(d) of the

Exchange Act for making a tender offer which when consummated, would have made it the beneficial owner of more than 5% of the targeted class of securities.

Despite his attempts to minimize the extent of his involvement with Peachtree Partners and IG holdings, Barry Zemel's own testimony indicates that he was significantly involved in mini-tender offers conducted through these entities. He has conceded that he conducted "several hundred" mini-tender offers through IG Holdings with Ira Gaines, with whom he agreed "on a handshake agreement ... [to] participate in some of [IG Holdings'] profits on the ... sale of the stocks or the bonds," to "share the risk if it's an unsuccessful purchase and money is lost," to perform "analytical work regarding the stock and bond" for IG Holdings, and in most cases, to share profits equally with Ira Gaines. Barry Zemel has also testified that he reviews IG Holdings' mini-tender offers "[t]o determine that all the disclosure items are in there as determined by our attorney."

Barry Zemel denied in his deposition that he is a partner of Peachtree Partners. Yet, he has acknowledged that he and Ira Gaines are the general partners of Baseline Investment, and has, in a previous litigation, described Baseline as a partnership d/b/a Peachtree Partners. Barry Zemel is also listed as a partner of Peachtree Partners on the SEC website in records pertaining to an amendment to a tender offer statement made by Peachtree Partners.

Even though Barry Zemel was not named individually in the SEC cease and desist orders, his significant involvement with tender offers conducted through IG Holdings and Peachtree Partners makes him uniquely susceptible to defenses that may not be asserted against other class members. In particular, the SEC's Section 14(e) finding that IG Holdings did not disseminate material information to target shareholders in its mini-tender offer as required by Section 14(e) of the Exchange Act, calls to mind the nature of the very claim that plaintiff alleges in this case of violation of Section 14(a) of the Exchange Act. *See Weisman v. Darneille*, 78 F.R.D. 669 (S.D.N.Y.1978)(denying class representative status to a plaintiff who was convicted of

violating Section 10(b), the very statute he invoked in his complaint). Furthermore, unlike 80% of Philips' public shareholders, plaintiff is a non-institutional investor, and therefore a less than ideal class representative under the PSLRA. The legislative history of the PSLRA suggests that Congress wished to encourage institutional investors to serve as lead plaintiffs to prevent lawyer-driven litigation. *See In re Oxford Health Plans*, 182 F.R.D. 42, 46 (S.D.N.Y.1998) (citing H.R.Rep. No. 104–369 at 34).

Barry Zemel's vulnerable credibility also detracts from his typicality as well as his adequacy for fulfilling his fiduciary obligations as class representative. The Second Circuit has held that courts may consider "honesty and trustworthiness of the named plaintiff" in judging the "adequacy of representation." *Savino v. Computer Credit Inc.*, 164 F.3d 81, 87 (2d Cir.1998); *Kline v. Wolf*, 702 F.2d 400, 403 (2d Cir.1983) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549–50, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)) (class representative is a fiduciary, and interests of the class are "dependent upon his diligence, wisdom and integrity").

Barry Zemel testified at his deposition that he had "no legal involvement in IG Holdings at all," and that he did not ever represent himself to be an officer of IG Holdings. Contrary to this testimony, however, in March 1999, Barry Zemel had represented himself as "chief financial officer of IG Holdings," and cited "strict internal guidelines" in a letter declining the Ontario Teachers' Pension Plan's request to rescind its below market price tender of Trizec Hahn debentures to IG Holdings. In November 1999, Barry Zemel had represented himself as an "officer" of IG Holdings in certifying responses to interrogatories in a lawsuit commenced by Ontario Teachers' Pension Plan Board against IG Holdings. When confronted with the letter at his deposition, Barry Zemel testified that he had represented himself as chief financial officer (CFO) even though he was not the CFO, "to lend credence to the position rather than signing it Barry Zemel."

Barry Zemel's lack of "honesty and trustworthiness" regarding his status in entities engaged in mini-tender offers that have been the subject of SEC sanctions shows that he does not meet the standards of a fiduciary who will "fairly and adequately protect the interests" of the class he seeks to represent. My conclusions on his inadequacy as class representative are not based on his serious lack of familiarity with this suit, nor on his lack of interest in attending court proceedings including the evidentiary hearing on the motion for a preliminary injunction.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for class certification is denied.

SO ORDERED.