**Joseph SCOTT and Mark Spillers, Individually and on Behalf of All Others Similarly Situated, Plaintiffs,**

v.

**NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION PLAN, Board of Trustees of the New York City District Council of Carpenters Pension Plan, Michael J. Forde, Peter Thomassen, Gene Maiello, Denis Sheil, Law-** rence D'Errico, Christopher Wallace, Paul O'Brien, George Greco, Richard Harding, Michael Mazzuca, 1–50 individually and in their capacities as trustees or former trustees of the New York City Council of Carpenters Pension Plan and members or former members of the Board of Trustees of the New York City District Council of Carpenters Pension Plan. Defendants.

No. 02 CV 3655(RO).

United States District Court,
S.D. New York.

Oct. 20, 2004.

---

**36.** Pl. Mem. 4–5.

**37.** 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

David S. Preminger, Rosen, Preminger & Bloom, LLP, New York City, Edgar Pauk, Law Offices of Edgar Pauk, New York City, for Plaintiffs.

Ronald E. Richman, Schulte, Roth & Zabel, LLP, New York City, for Defendants.

## MEMORANDUM & ORDER

OWEN, District Judge.

Plaintiffs Joseph Scott and Mark Spillers are retired participants in the New York City District Council of Carpenters Pensions Plan. Defendants are the Plan's current and former officers and trustees. This action arises from a dispute with respect to the calculation of pension plan payments pursuant to the Employee Retirement Income Security Act of 1974 (ERISA). According to the complaint, Scott worked from 1963 until 1988, when he became disabled. On May 1, 1991, Scott began receiving retroactive payments from the pension plan from June 1, 1989. The Plan delivered a payment of $984.90 each month, based on 14.07 "benefit credits." Spillers worked in "covered" employment from 1964 to 1994, retiring in May of 1996. The complaint alleges that the respective pension payment calculations deprived the plaintiffs, and others similarly situated, of credit for the full period of time they worked under the plan.

The six claims set forth in the complaint address various provisions of the Plan that are allegedly inconsistent with the statutory requirements under ERISA. Plaintiffs now move for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure,

asserting that there exist common questions of law related to all of the claimant-participants in the Plan, "namely whether the terms of the Plan comply with ERISA's minimum accrual standards, and how to perform the Plan to bring it into compliance with such standards." [1] Cmplt. ¶ 61(c).

The four-factors required for class-certification are: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims of the representative parties are typical of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See, e.g., In re Drexel Burnham Lambert Group,* 960 F.2d 285, 290 (2d Cir.1992).

■ Under (3) above, claims are typical for purposes of class certification where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Drexel,* 960 F.2d at 291. A class representative's claims are not typical if they are "subject to unique defenses which threaten to become the focus of the litigation." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 176, 180 (2d Cir.1990).

■ A plaintiff bringing an ERISA claim challenging a denial of benefits is required to exhaust administrative remedies before pursuing claims in court. *See Burke v. Kodak Retirement Income Plan,* 336 F.3d 103, 107 (2d Cir.2003). Exhaustion is unnecessary, however, upon a "clear" and "positive" showing that pursuit of such remedies would be futile. *See Krizek v. Cigna Group Ins.,* 345 F.3d 91, 97 (2d Cir.2003). It is uncontested that Scott sought administrative review and was denied. This denial appears to have been for his failure to file within the Plan's prescribed time limit. Plaintiffs contend that in light of this "denial" of Scott's appeal, an appeal by Spillers would have been futile.

It also appears, however, that determining whether Scott has exhausted his administrative remedies would require an individualized assessment of the facts and circumstances surrounding his claim for benefits. Such an assessment constitutes a defense unique to Scott that threatens to become the focus of the litigation. The Court further finds that Spillers has not carried his burden of establishing by a "clear" and "convincing" showing that an administrative appeal would be futile, accordingly, I conclude that neither Scott nor Spillers are typical members of the proposed class and are thus not suitable representatives.

Class representatives under factor (4), *supra,* must also adequately represent the interests of absent class members since a judgment in a class action binds absent class members whose due process rights would be thus imperiled. *See In re LILCO Litig.,* 111 F.R.D. 663, 672 (E.D.N.Y.1986) (adequacy of representation is very significant because choice of inadequate representative creates constitutional defect).

■ An essential element of adequacy of representation is that the class representative be sufficiently familiar with the case as to exercise independent control over the attorney. *See, e.g., Baffa v. Donaldson, Lufkin & Jenrette Sec.,* 185 F.R.D. 172, 175–76 (S.D.N.Y.1999). To discharge this duty of control, the class representative must possess a minimal degree of knowledge regarding the action, *see Koenig v. Benson,* 117 F.R.D. 330, 337 (E.D.N.Y.1987), and also have a general understanding of the nature of class-action litigation, *see Civic Ass'n of Deaf v. Giuliani,* 915 F.Supp. 622, 633 (S.D.N.Y.1996). The amount of knowledge may be minimal, *see Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 371, 86 S.Ct. 845, 850, 15 L.Ed.2d 807 (1966), yet, this Circuit, as well as many others, has frequently rejected class certification where the class representatives have "so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys," *Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1077–78 (2d Cir.1995). The defi-

---

1. The number of different claims plaintiffs assert suggest that it is more a general attack than a class action where all plaintiffs suffer from the same cause.

ciencies in knowledge to work a disqualification must either pertain to issues "central to the plaintiffs' case," or they "must be so substantial that they threaten to undermine plaintiffs' case as a whole." *Harrison v. Great Springwaters of America, Inc.,* 1997 WL 469996, at *6–*7 (E.D.N.Y.1997). Knowledge of issues central to the case and of the role of class representatives is crucial since not even the presence of competent class counsel can make up for a utter lack of familiarity with the action on the part of named plaintiffs. *See Greenspan v. Brassler,* 78 F.R.D. 130, 133 (S.D.N.Y.1978); *see also Weisman v. Darneille,* 78 F.R.D. 669, 671 (S.D.N.Y.1978) (where class certification was denied since plaintiff's evident willingness to rely on counsel's ability to protect the interests of the class was deemed inconsistent with the participation required of an adequate class representative).

■ Both Scott and Spillers' alarming lack of familiarity with the suit, as well as little or nonexistent knowledge of their role as class representatives is manifest. Scott at his deposition stated he did not know what allegations were contained in the complaint. Transcript at 58. He had not seen the complaint prior to his deposition on October 14, 2003 (his deposition was held seventeen months after the filing of the complaint). *Id.* at 61–62. He did not know for sure whether this was a class action suit. *Id.* at 58. He did he know what a class representative was (or even that he was one). *Id.* at 58–59. He has "not the slightest idea" of how many people are in the class. *Id.* He had personally met with counsel only once in the three years prior to the deposition. *Id.* at 7. He was unsure what the lawsuit even concerned (he apparently believes the case has something to do with "nepotism" in the union). *Id.* at 60–61. He is unable to personally participate in the case at all since his health prevents him from leaving Virginia. *Id.* at 34–36, 71. So complete is Scott's abdication of his role to his attorney that Scott stated he would leave every decision up to his attorney and never question his advice. *Id.* at 67–68.

Spillers' deposition makes equally clear that he is unsuited to be a class representative. He did not know what a class action is,

nor that his case was such an action. Transcript at 33. He has no idea what effect a victory for himself would have upon the people he claims to know he represents. *Id.* at 38. He incorrectly stated that the class comprises all of the Plan's participants. *Id.* at 37–38. He further admitted at his deposition that he could not remember reading the complaint before it was filed and that the first time he read the complaint was fifteen months after its filing. *Id.* at 44. He also admitted he did not even know what a class action is. *Id.* at 33.

In *Darvin v. International Harvester Co.,* 610 F.Supp. 255 (S.D.N.Y.1985), the district court found a plaintiff inadequate on a similar showing of factual unfamiliarity by the named plaintiff. The plaintiff repeatedly stated that his memory regarding the complaint and the facts giving rise to the cause of action were poor. The plaintiff was also unsure whom he purported to represent. The district court found: "[t]his uncertainty and inconsistency, which are characteristic of plaintiff's deposition testimony and which indicate plaintiff's unfamiliarity with the action, illustrate his inadequacy to act as class representative." *Id.* at 257. In *Levine v. Berg,* 79 F.R.D. 95 (S.D.N.Y.1978), the plaintiff testified that she had glanced briefly through the complaint and only truly reviewed its contents a day before the deposition. She was also unable to articulate the wrong she and the proposed class purportedly suffered. The court held unfamiliarity of this magnitude precluded a finding of adequacy. Similarly, in *Weisman v. Darneille,* 78 F.R.D. 669 (S.D.N.Y.1978), the court found plaintiff's role superfluous and so inadequate. The plaintiff did not meet with his counsel in the ten months between filing the complaint and the day preceding the deposition. He could not describe the claim nor name the defendants. He was not even sure that he had seen a copy of the complaint before the deposition. Finally, the plaintiff knew none of the duties and responsibilities of a class representative. The court found: "[the plaintiff] has done little more in this action than write an initial letter to his counsel, sign a retainer and submit to a deposition. Plaintiff's superfluous role here does not meet the require-

ments of Rule 23(a)(4)." *Id.* at 671 (citations omitted).

Since "[o]nce the action has been certified to proceed as a class action, it is incumbent on the class representatives to be alert for, and to report to the court, any conflict of interest on the part of class counsel, as for example, counsel's greater concern for receiving a fee than for pursuing the class claims," I, therefore, cannot certify either Scott or Spillers as class representatives. *Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1078 (2d Cir.1995). Scott and Spillers, lacking familiarity with the facts and nature of their action, have thus turned over the prosecution and monitoring of their case to counsel, and are therefore inadequate class representatives whose role as remarked above has become essentially superfluous.

The presence of a defense unique to a named plaintiff also bears on the adequacy of that plaintiff to serve the interests of the class. *See, e.g., Gary Plastic,* 903 F.2d at 180. A class representative subject to a unique defense may become so distracted that it would impair his representation or appearance of fair representation of the class as a whole. *Id.* Its presence can bar a finding of adequacy even if that defense would not ultimately defeat that particular class representative's claim. *Kline v. Wolf,* 702 F.2d 400, 403 (2d Cir.1983), says it all.

Accordingly, plaintiffs' motion for class certification is denied.

So ordered.